**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**

**CASE NO.: 1:19-CV-20913**

ALFREDO MARTIN, OMAR GUTIERREZ,
JORGE SANCHEZ-PINO, JORGE SANCHEZ
HERNANDEZ, WILLIAM SANCHEZ, RUDY
PEREZ, individually and on behalf of other
similarly-situated individuals,

      Plaintiffs,

vs.

GLOBAL DISTRIBUTION & LOGISTICS LLC,
a Florida Limited Liability Company; DANAY
SALAZAR, ALEJANDRO VIMOS, and MELISSA
BALLESTERO, individually,

      Defendants.

_____/

**PLAINTIFFS' COMPLAINT FOR FLSA OVERTIME WAGES**

Plaintiffs, Alfredo Martin, Omar Gutierrez, Jorge Sanchez-Pino, Jorge Sanchez-Hernandez, William Sanchez, and Rudy Perez-Valdes ("Plaintiffs"), individually and on behalf of others similarly situated, hereby sue Defendants, Global Distribution & Logistics LLC, Danay Salazar, Alejandro Vimos, and MELISSA BALLESTERO ("Defendants"), for overtime wages owed to them, and allege as follows:

**JURISDICTION, VENUE, AND PARTIES**

1. Plaintiffs bring this action in their individual capacity, and as collective representatives on behalf of all other similarly situated individuals, to secure and vindicate rights afforded to them by the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq.

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, as this action arises under the Fair Labor Standards Act, 29 U.S.C. §§ 201-219.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and (c). The unlawful employment practices alleged herein occurred and/or were committed within the Southern District of Florida.

4. Plaintiff, Alfredo Martin ("Martin"), is an individual, *sui juris*, residing in Miami-Dade County, Florida.  Martin was employed as a warehouse employee of Defendants from December of 2016 to March of 2019.  Martin was an hourly non-exempt employee of Defendants who earned, but did not receive, overtime wages calculated at time and on-half times his regular rate of pay for all time he spent working over 40 hours per week for Defendants.  To the extent that Defendants classified Martin as exempt, Defendants misclassified Martin and others similarly situated, despite their primary duties being non-exempt and their compensation not meeting the criteria for a valid exemption.

5. Plaintiff, Omar Gutierrez ("Gutierrez"), is an individual, *sui juris*, residing in Miami-Dade County, Florida.  Gutierrez employed as a warehouse employee of Defendants from December of 2014 to November of 2018.  Gutierrez was an hourly non-exempt employee of Defendants who earned, but did not receive, overtime wages calculated at time and on-half times his regular rate of pay for all time he spent working over 40 hours per week from Defendants.  To the extent that Defendants classified Gutierrez as exempt, Defendants misclassified Gutierrez and others similarly situated, despite their primary duties being non-exempt and their compensation not meeting the criteria for a valid exemption.

6. Plaintiff, Jorge Sanchez-Pino ("Sanchez-Pino"), is an individual, *sui juris*, residing in Miami-Dade County, Florida.  Sanchez-Pino was employed as a warehouse employee of

Defendants from March of 2015 to approximately February of 2018.  Sanchez-Pino was an hourly non-exempt employee of Defendants who earned, but did not receive, overtime wages calculated at time and on-half times his regular rate of pay for all time he spent working over 40 hours per week from Defendants.  To the extent that Defendants classified Sanchez-Pino as exempt, Defendants misclassified Sanchez-Pino and others similarly situated, despite their primary duties being non-exempt and their compensation not meeting the criteria for a valid exemption.

7. Plaintiff, Jorge Sanchez-Hernandez ("Sanchez- Hernandez"), is an individual, *sui juris*, residing in Miami-Dade County, Florida.  Sanchez- Hernandez was employed as a warehouse employee of Defendants from March of 2015 to approximately April of 2018.  Sanchez-Hernandez was an hourly non-exempt employee of Defendants who earned, but did not receive, overtime wages calculated at time and on-half times his regular rate of pay for all time he spent working over 40 hours per week from Defendants.  To the extent that Defendants classified Sanchez- Hernandez as exempt, Defendants misclassified Sanchez- Hernandez and others similarly situated, despite their primary duties being non-exempt and their compensation not meeting the criteria for a valid exemption.

8. Plaintiff, William Sanchez, is an individual, *sui juris*, residing in Miami-Dade County, Florida.  William Sanchez was employed as a warehouse employee of Defendants from March of 2016 to approximately August of 2018.  William Sanchez was an hourly non-exempt employee of Defendants who earned, but did not receive, overtime wages calculated at time and on-half times his regular rate of pay for all time he spent working over 40 hours per week from Defendants.  To the extent that Defendants classified William Sanchez as exempt, Defendants misclassified William Sanchez and others similarly situated, despite their primary duties being non-exempt and their compensation not meeting the criteria for a valid exemption.

9. Plaintiff, Rudy Perez-Valdes ("Perez-Valdes"), is an individual, *sui juris*, residing in Miami-Dade County, Florida. Perez-Valdes was hired by the Defendants in December of 2016 and worked for Defendants as an hourly employee for approximately fourteen (14). Perez-Valdes was an hourly non-exempt employee of Defendants who earned, but did not receive, overtime wages calculated at time and on-half times his regular rate of pay for all time he spent working over 40 hours per week from Defendants. To the extent that Defendants classified Perez-Valdes as exempt, Defendants misclassified Perez-Valdes and others similarly situated, despite their primary duties being non-exempt and their compensation not meeting the criteria for a valid exemption.

10. Defendant, Global Distribution & Logistics LLC ("Global") is a Florida Limited Liability Company, doing business in Miami-Dade County, Florida. Global qualifies as an "employer" under the FLSA as Global is, and at all times pertinent to this Complaint, was, engaged in interstate commerce. At all material times, Global operated as an organization which sells and/or markets its services and/or goods to customers from throughout the United States, and also provides its services for goods sold and transported from across state lines of other states. Global obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmission going over state lines to conduct business, transmits funds out of the State of Florida, and otherwise, regularly engaged in interstate commerce. Upon information and belief, the annual gross revenue of Global was at all times material hereto in excess of $500,000.00 per annum. Global maintains a place of business in Miami-Dade County, Florida.

11. By reason of the foregoing, Global is and was, at all material times hereto, an enterprise engaged in commerce or in the production of goods for commerce, as defined by Section 203 (r) and (s) of the FLSA. Global's business activities include those to which the FLSA applies.

Global is a company providing air, ocean, and ground logistical services providing supply chain solutions for small to large companies, and through its business activities, affects interstate commerce.

12. Defendant, Danay Salazar ("Salazar"), is an individual who resides and conducts business in Miami-Dade County, Florida. Salazar was and is a manager of Global for the relevant time period. Salazar is in charge of payroll for Global and is partially or totally responsible for paying Plaintiffs' wages.

13. Defendant, Alejandro Vimos ("Vimos"), is an individual who resides and conducts business in Miami-Dade County, Florida. Vimos was and is a manager and/or owner of Global for the relevant time period. Vimos had supervisory authority over the Plaintiffs and was partially or totally responsible for paying Plaintiffs' wages.

14. Defendant, Melissa Ballestero ("Ballestero"), is an individual who resides and conducts business in Miami-Dade County, Florida. Ballestero was and is a manager and/or owner of Global for the relevant time period. Aguirre had supervisory authority over the Plaintiffs and was partially or totally responsible for paying Plaintiffs' wages.

15. At all material times, Defendants, Salazar, Vimos, and Ballestero, had operational control of the business of Global, provided Plaintiffs and other similarly-situated with their work schedules, and/or acted directly in the interest of Global in relation to the employees of Global, including Plaintiffs and others similarly situated. Therefore, the individual Defendants, Salazar, Vimos, and Ballestero, qualify as "employers" under Section 203(d) of the FLSA, and as a result, are jointly liable for Plaintiffs' damages.

16. All of the Defendants were Plaintiffs' direct employers, joint employers, and co-employers for purposes of the FLSA.

## **COLLECTIVE ACTION ALLEGATIONS**

17. All claims set forth herein are brought by Plaintiffs on behalf of themselves and all other similarly situated persons (hereinafter "FLSA Collective Plaintiffs"), for relief as a collective action pursuant to 29 U.S.C. § 216(b), on behalf of all non-exempt employees employed by Defendants throughout the State of Florida on or after the date that is three years before the filing of the Complaint in this case, as defined herein.

18. At all relevant times, FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decision, policy, plan and common policies, programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to pay them at overtime compensation wages at a rate of one and one half times their hourly rate for work in excess of forty (40) hours per workweek. The claims of Plaintiffs stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

19. The records, if any, concerning the number of hours actually worked by FLSA Collective Plaintiffs, and the compensation actually paid to them, should be in the custody of Defendants.

20. Defendants agreed to pay Plaintiffs and FLSA Collective Plaintiffs at an hourly rate of pay of $10.00 per hour. In the course of their employment, Plaintiffs and FLSA Collective Plaintiffs regularly worked overtime hours (that is, hours in excess of forty (40) hours per week), and were not paid overtime compensation at the lawful overtime rate, based, in part, upon Defendants' custom and practice of refusing to pay the same and/or misclassifying FLSA Collective Plaintiffs as exempt, and failing to compensate them in accordance with the criteria for a valid exemption, among other violations of FLSA.

21. When some employees of the Defendants would complain about the foregoing, Defendants would fire such employees.

22. At all times relevant hereto, Defendants failed to comply with 29 U.S.C. §§ 201-209 in that FLSA Collective Plaintiffs performed services and labor for Defendants for which Defendants made no provision to pay FLSA Collective Plaintiffs the compensation to which they were lawfully entitled for all of the hours worked in excess of forty hours per week.

23. Based on the foregoing, the class of similarly situated employees employed by Defendants who may become Plaintiffs in this action are current and former employees of Defendant who were paid $10.00 an hour and who did not receive overtime pay for working in excess of 40 hours per week.

24. The class of similarly situated employees are readily identifiable from records maintained by Defendants and necessarily will present legal and factual issues which are nearly the same, if not identical, to those presented by the Plaintiffs.

25. The Claims for Relief herein, pursuant to § 16(b) of the FLSA, 29 U.S.C. § 216(b), are properly brought under and maintained as an opt-in collective action. FLSA Collective Plaintiffs are readily ascertainable. For purpose of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## **WILLFULNESS ALLEGATIONS**

26. Plaintiffs allege on behalf of themselves and the FLSA Collective Plaintiffs that Global's failure to pay overtime was knowing and willful.

27. Despite the fact that Defendants required Plaintiffs and FLSA Collective Plaintiffs to clock-in by several different methods throughout their employment, including clocking in and

fingerprinting, Defendants intentionally failed to compensate Plaintiffs and FLSA Collective Plaintiffs in an amount that complied with the FLSA overtime requirements.

28. Specifically, each pay roll period Defendants, Vimos and Salazar, would go over each employee's total pay period hours and Vimos would arbitrarily decide how and for how many overtime hours to compensate the Plaintiffs and FLSA Collective Plaintiffs. Upon information and belief, Defendant Ballestero, as co-owner and/or manager, knew of this illicit practice of deliberately failing to pay Plaintiffs and FLSA Collective Plaintiffs for all overtime hours worked.

29. In response to inquiries from the Plaintiffs and FLSA Collective Payments regarding how their over-time hours were being calculated and paid, Defendants misrepresented to the Plaintiffs and FLSA Collective Plaintiffs the overtime legal requirements by stating that the calculations were correct.

30. Accordingly, Plaintiffs and the FLSA Collective Plaintiffs are entitled to recover all overtime pay due from overtime hours worked for which compensation was not paid, liquidated damages and attorneys' fees under the FLSA's three-year statute of limitations.

31. All conditions precedent have been satisfied by Plaintiffs or waived by Defendants.

## COUNT I – UNPAID OVERTIME OF MARTIN

32. Martin, on behalf of himself and the FLSA Collective Plaintiffs, repeats and realleges Paragraphs 1-31 as if fully set forth herein.

33. At all relevant times, Defendants have been and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of FLSA 29 U.S.C. §§ 206(a) and 207(a).

34. Martin was employed by Defendants as a warehouse laborer from December of 2016 to March of 2019.

35. During that time, Martin rendered services to Defendants as a warehouse employee sorting packages, and fully performed his duties as directed. All of the hours worked by Martin were performed within the State of Florida.

36. Throughout the statute of limitations period covered by this claim, Martin regularly worked in excess of forty (40) hours per week.

37. During his employment, Martin was regularly not paid any wages for hours worked in excess of the forty (40) hours per week, for which Martin was compensated at an agreed rate of $10.00 per hour from December of 2016 through March of 2019.

38. Throughout his employment, Martin worked five (5) days per week for an average of ten (10) hours per day.

39. Through Martin's employment, Defendants willfully failed to compensate him overtime wages for hours worked in excess of forty (40) hours per week.

40. At all relevant times, Defendants had and operated under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of willfully failing and refusing to pay Martin at one and one half times his regular rate for work in excess of forty (40) hours per workweek, even though Martin had been entitled to overtime.

41. Defendants' failure to pay Martin and the FLSA Collective Plaintiffs overtime compensation at a rate not less than one and one-half times the rate at which they are employed for all hours worked beyond the forty (40) hour workweek, is a violation of the FLSA, in particular 29 U.S.C. §§ 206 and 207.

42. The foregoing alleged conduct constitutes a willful violation of the FLSA.

43. Due to Defendants violations, Martin, on his behalf and on behalf of the FLSA Collective Plaintiffs seeks damages in the amount of his respective unpaid overtime compensation,

liquidated (double) damages as provided by the FLSA for overtime violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## COUNT II – UNPAID OVERTIME OF GUTIERREZ

44. Gutierrez, on behalf of himself and the FLSA Collective Plaintiffs, repeats and realleges Paragraphs 1-31 as if fully set forth herein.

45. At all relevant times, Defendants have been and continues to be an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of FLSA 29 U.S.C. §§ 206(a) and 207(a).

46. Gutierrez was employed by Defendants as a warehouse laborer from December of 2014 to November of 2018.

47. During that time, Gutierrez rendered services to Defendants as a warehouse manager and fully performed his duties as directed. All of the hours worked by Gutierrez were performed within the State of Florida.

48. Throughout the statute of limitations period covered by this claim, Gutierrez regularly worked in excess of forty (40) hours per week.

49. During his employment, Gutierrez was regularly not paid any wages for hours worked in excess of the forty (40) hours per week, for which Gutierrez was compensated at an agreed rate of $10.00 per hour from December of 2016 through March of 2019.

50. Throughout his employment, Gutierrez worked five (5) days per week for an average of ten (10) hours per day.

51. Through Gutierrez's employment, Defendants willfully failed to compensate him overtime wages for hours worked in excess of forty (40) hours per week.

52. At all relevant times, Defendants had and operated under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of willfully failing and refusing to pay Gutierrez at one and one half times his regular rate for work in excess of forty (40) hours per workweek, even though Gutierrez had been entitled to overtime.

53. Defendants' failure to pay Gutierrez and the FLSA Collective Plaintiffs overtime compensation at a rate not less than one and one-half times the rate at which they are employed for all hours worked beyond the forty (40) hour workweek, is a violation of the FLSA, in particular 29 U.S.C. §§ 206 and 207.

54. The foregoing alleged conduct constitutes a willful violation of the FLSA.

55. Due to Defendants' violations, Gutierrez, on his behalf and on behalf of the FLSA Collective Plaintiffs seeks damages in the amount of his respective unpaid overtime compensation, liquidated (double) damages as provided by the FLSA for overtime violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

### COUNT III – UNPAID OVERTIME OF SANCHEZ-PINO

56. Sanchez-Pino, on behalf of himself and the FLSA Collective Plaintiffs, repeats and realleges Paragraphs 1-31 as if fully set forth herein.

57. At all relevant times, Defendants have been and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of FLSA 29 U.S.C. §§ 206(a) and 207(a).

58. Sanchez-Pino was employed by Defendants as a warehouse laborer from March of 2015 to February of 2018.

59. During that time, Sanchez-Pino rendered services to Defendants as a warehouse employee sorting packages, and fully performed his duties as directed. All of the hours worked by Sanchez-Pino were performed within the State of Florida.

60. Throughout the statute of limitations period covered by this claim, Sanchez-Pino regularly worked in excess of forty (40) hours per week.

61. During his employment, Sanchez-Pino was regularly not paid any wages for hours worked in excess of the forty (40) hours per week, for which Sanchez-Pino was compensated at an agreed rate of $10.00 per hour.

62. Throughout his employment, Sanchez-Pino worked five (5) days per week for an average of ten (10) hours per day.

63. Through Sanchez-Pino's employment, Defendants willfully failed to compensate him overtime wages for hours worked in excess of forty (40) hours per week.

64. At all relevant times, Defendants had and operated under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of willfully failing and refusing to pay Sanchez-Pino at one and one half times his regular rate for work in excess of forty (40) hours per workweek, even though Sanchez-Pino had been entitled to overtime.

65. Defendants' failure to pay Sanchez-Pino and the FLSA Collective Plaintiffs overtime compensation at a rate not less than one and one-half times the rate at which they are employed for all hours worked beyond the forty (40) hour workweek, is a violation of the FLSA, in particular 29 U.S.C. §§ 206 and 207.

66. The foregoing alleged conduct constitutes a willful violation of the FLSA.

67. Due to Defendants violations, Sanchez-Pino, on his behalf and on behalf of the FLSA Collective Plaintiffs seeks damages in the amount of his respective unpaid overtime compensation, liquidated (double) damages as provided by the FLSA for overtime violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

### COUNT IV – UNPAID OVERTIME OF SANCHEZ-HERNANDEZ

68. Sanchez-Hernandez, on behalf of himself and the FLSA Collective Plaintiffs, repeats and realleges Paragraphs 1-31 as if fully set forth herein.

69. At all relevant times, Defendants have been and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of FLSA 29 U.S.C. §§ 206(a) and 207(a).

70. Sanchez-Hernandez was employed by Defendants as a warehouse laborer from March of 2015 to April of 2018.

71. During that time, Sanchez-Hernandez rendered services to Defendants as a warehouse employee sorting packages, and fully performed his duties as directed. All of the hours worked by Sanchez-Hernandez were performed within the State of Florida.

72. Throughout the statute of limitations period covered by this claim, Sanchez-Hernandez regularly worked in excess of forty (40) hours per week.

73. During his employment, Sanchez-Hernandez was regularly not paid any wages for hours worked in excess of the forty (40) hours per week, for which Sanchez-Hernandez was compensated at an agreed rate of $10.00 per hour.

74. Throughout his employment, Sanchez-Hernandez worked five (5) days per week for an average of ten (10) hours per day.

75. Through Sanchez-Hernandez's employment, Defendants willfully failed to compensate him overtime wages for hours worked in excess of forty (40) hours per week.

76. At all relevant times, Defendants had and operated under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of willfully failing and refusing to pay Sanchez-Hernandez at one and one half times his regular rate for work in excess of forty (40) hours per workweek, even though Sanchez-Hernandez had been entitled to overtime.

77. Defendants' failure to pay Sanchez-Hernandez and the FLSA Collective Plaintiffs overtime compensation at a rate not less than one and one-half times the rate at which they are employed for all hours worked beyond the forty (40) hour workweek, is a violation of the FLSA, in particular 29 U.S.C. §§ 206 and 207.

78. The foregoing alleged conduct constitutes a willful violation of the FLSA.

79. Due to Defendants violations, Sanchez-Hernandez, on his behalf and on behalf of the FLSA Collective Plaintiffs seeks damages in the amount of his respective unpaid overtime compensation, liquidated (double) damages as provided by the FLSA for overtime violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

### COUNT V – UNPAID OVERTIME OF WILLIAM SANCHEZ

80. William Sanchez, on behalf of himself and the FLSA Collective Plaintiffs, repeats and realleges Paragraphs 1-31 as if fully set forth herein.

81. At all relevant times, Defendants have been and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of FLSA 29 U.S.C. §§ 206(a) and 207(a).

82. William Sanchez was employed by Defendants as a warehouse laborer from March of 2016 to August of 2018.

83. During that time, William Sanchez rendered services to Defendants as a warehouse employee sorting packages, and fully performed his duties as directed. All of the hours worked by William Sanchez were performed within the State of Florida.

84. Throughout the statute of limitations period covered by this claim, William Sanchez regularly worked in excess of forty (40) hours per week.

85. During his employment, William Sanchez was regularly not paid any wages for hours worked in excess of the forty (40) hours per week, for which William Sanchez was compensated at an agreed rate of $10.00 per hour.

86. Throughout his employment, William Sanchez worked five (5) days per week for an average of ten (10) hours per day.

87. Through William Sanchez's employment, Defendants willfully failed to compensate him overtime wages for hours worked in excess of forty (40) hours per week.

88. At all relevant times, Defendants had and operated under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of willfully failing and refusing to pay William Sanchez at one and one half times his regular rate for work in excess of forty (40) hours per workweek, even though William Sanchez had been entitled to overtime.

89. Defendants' failure to pay William Sanchez and the FLSA Collective Plaintiffs overtime compensation at a rate not less than one and one-half times the rate at which they are employed for all hours worked beyond the forty (40) hour workweek, is a violation of the FLSA, in particular 29 U.S.C. §§ 206 and 207.

90. The foregoing alleged conduct constitutes a willful violation of the FLSA.

91. Due to Defendants violations, William Sanchez, on his behalf and on behalf of the FLSA Collective Plaintiffs seeks damages in the amount of his respective unpaid overtime compensation, liquidated (double) damages as provided by the FLSA for overtime violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## COUNT VI – UNPAID OVERTIME OF PEREZ-VALDES

92. Perez-Valdes, on behalf of himself and the FLSA Collective Plaintiffs, repeats and realleges Paragraphs 1-31 as if fully set forth herein.

93. At all relevant times, Defendants have been and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of FLSA 29 U.S.C. §§ 206(a) and 207(a).

94. Perez-Valdes was employed by Defendants as a warehouse laborer for approximately fourteen (14) months.

95. During that time, Perez-Valdes rendered services to Defendants as a warehouse employee sorting packages, and fully performed his duties as directed.  All of the hours worked by Perez-Valdes were performed within the State of Florida.

96. Throughout the statute of limitations period covered by this claim, Perez-Valdes regularly worked in excess of forty (40) hours per week.

97. During his employment, Perez-Valdes was regularly not paid any wages for hours worked in excess of the forty (40) hours per week, for which Perez-Valdes was compensated at an agreed rate of $10.00 per hour.

98. Throughout his employment, Perez-Valdes worked five (5) days per week for an average of ten (10) hours per day.

99. Through Perez-Valdes' employment, Defendants willfully failed to compensate him overtime wages for hours worked in excess of forty (40) hours per week.

100. At all relevant times, Defendants had and operated under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of willfully failing and refusing to pay Perez-Valdes at one and one half times his regular rate for work in excess of forty (40) hours per workweek, even though Perez-Valdes had been entitled to overtime.

101. Defendants' failure to pay Perez-Valdes and the FLSA Collective Plaintiffs overtime compensation at a rate not less than one and one-half times the rate at which they are employed for all hours wrked beyond the forty (40) hour workweek, is a violation of the FLSA, in particular 29 U.S.C. §§ 206 and 207.

102. The foregoing alleged conduct constitutes a willful violation of the FLSA.

103. Due to Defendants violations, Perez-Valdes, on his behalf and on behalf of the FLSA Collective Plaintiffs seeks damages in the amount of his respective unpaid overtime compensation, liquidated (double) damages as provided by the FLSA for overtime violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## **PRAYER FOR RELIEF**

104. **WHEREFORE**, Plaintiffs pray for:

   a. An order designating this action as a collective action and issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated individuals with instructions to permit them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to §216(b) and that this notice be sent to

    all past and present employees of Global at any time during the three year period immediately preceding the filing of this suit, through and including the date of this Court's issuance of the Court Supervised Notice;

b. An order appointing Plaintiffs and their counsel to represent the Class;

c. An order awarding attorneys' fees and costs pursuant to § 216 of the FLSA;

d. That the Court find Defendants in violation of the overtime compensation provisions of the FLSA and that the Court find that Defendants' violations of the FLSA were and are willful;

e. That the Court award Plaintiffs, the putative class, and all similarly situated employees overtime compensation for all the previous hours worked over forty (40) hours, that they did not receive at least one and one-half time compensation for, in any given week during the past three years, AND liquidated damages of an equal amount of the minimum compensation; in addition to penalties and interest on said award pursuant to § 216 of the FLSA;

f. That the Court award Plaintiffs a collective action representative fee for their efforts and time dedicated to bringing justice through this action; and

g. That the Court award interest and any other legal and equitable relief as this Court may deem appropriate.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury of all issues so triable.

Dated this 8th day of March, 2019.

                        **TIRADO-LUCIANO & TIRADO**
*Counsel for Plaintiffs*
Gables International Plaza
2655 LeJenue Rd., Suite 1109
Coral Gables, Florida 33134
305-390-2320 - Telephone
305-390-2321 - Facsimile

By: */s/ Alex Tirado-Luciano*           .
ALEX TIRADO-LUCIANO, ESQ.
Florida Bar No.: 070894
atl@TLTirado.com
MONICA TIRADO, ESQ.
Florida Bar No.: 55877
mt@TLTirado.com